UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>21-20263-CR-DIMITROULEAS</u>

UNITED STATES OF AMERICA

v.

GARY TUCKER,

      **Defendant.**

_____/

**PLEA AGREEMENT**

The United States of America and GARY TUCKER, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the single Count of the Information filed against him, which count charges the defendant with knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to Special Agents of the U.S. Fish & Wildlife Service, in violation of Title 18, United States Code, Section 1001(a)(2). In consideration therefor, the United States agrees that it will not bring additional charges against the defendant for wildlife trafficking and related offenses, based on conduct known to the United States at the time of execution of this agreement.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an

1

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five (5) years imprisonment as to the Count of conviction, and such period may be followed by a term of supervised release of up to 3 year on the charge to which he is pleading guilty. In addition to terms of imprisonment and supervised release, the court may also impose a fine of up to $250,000, or the greater of twice the gain or loss arising under the relevant conduct.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant with respect to the count to which he is pleading guilty. The defendant agrees that the special assessment imposed shall be paid at the time of sentencing.

5. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the proper calculation of the Sentencing Guideline in this case:

   a. <u>Base Offense Level:</u> Pursuant to Section 2B1.1 of the Sentencing Guidelines, the base offense level in this matter is Level 6.

   b. <u>Specific Offense Characteristics:</u> No adjustment is warranted under Section 2B1.1 of the Sentencing Guidelines.

   c. <u>Chapter Three, Part C Adjustment</u>: Defendant should receive an increase in his offense level pursuant to Section 3C1.1 for obstructing or impeding the administration of justice by +2 levels.

   d. <u>Guideline range</u>: That the applicable guideline range for the Count 1 offense committed by the defendant is Level 8.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce the sentencing guideline level applicable to the defendant's offense pursuant to Sections 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility resulting in a total adjusted offense level of 6. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts

to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 08/03/2021      By: _____
                          Thomas A. Watts-FitzGerald
                          Assistant United States Attorney

Date: 8/4/2021        By: _____
                      For  JONATHAN LOPEZ, ESQ.
                           ATTORNEY FOR DEFENDANT

Date: 8/4/21          By: _____
                           GARY TUCKER
                           DEFENDANT