BNDDUTY,CLOSED,JB

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−20263−WPD</u>−1

Case title: USA v. Gary Tucker

Date Filed: 04/30/2021

Date Terminated: 10/13/2021

Assigned to: Judge William P. Dimitrouleas

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Gary Tucker**<br>53587−509<br>*YOB 1957 ENGLISH*<br>*TERMINATED: 10/13/2021* | represented by | **Daniel S. Gelber**<br>Gelber Schachter & Greenberg PA<br>One Southeast Third Avenue<br>Ste 2600<br>Miami, FL 33131−1715<br>305−728−0950<br>Fax: 305−728−0951<br>Email: dgelber@gsgpa.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Gerald Edward Greenberg**
Gelber Schachter & Greenberg PA
One Southeast Third Avenue
Suite 2600
Miami, FL 33131−1715
305−728−0950
Fax: 305−728−0951
Email: ggreenberg@gsgpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jonathan E. Lopez**
Allen & Overy
1101 New York Avenue NW
Washington, DC 20005
202−683−3888
Email: jonathan.lopez@allenovery.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Taylor West**

1

Allen & Overy
1101 New York Avenue NW
Washington, DC 20005
202–683–3800
Email: taylor.west@allenovery.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| | AMENDED: Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36). 3 Years as to Count 1, home detention for first 3 Months of term. |
| FALSE STATEMENT/18:1001.F (1) | PRIOR JUDGMENT: PROBATION: 3 Years as to Count 1, home confinement for first 3 Months of term. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **Thomas Austin Watts–Fitzgerald** |
|---|---|---|
| | | United States Attorney's Office |
| | | 99 NE 4 Street |
| | | Miami, FL 33132 |
| | | 305–961–9413 |
| | | Fax: 305–536–4651 |
| | | Email: thomas.watts–fitzgerald@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|

| 04/30/2021 | 1 | | MOTION to seal by USA as to Gary Tucker. (sl) (Entered: 04/30/2021) |
|---|---|---|---|
| 04/30/2021 | 2 | | ORDER granting 1 Motion to seal as to Gary Tucker (1). Signed by Magistrate Judge Jacqueline Becerra on 4/30/2021. *See attached document for full details.* (sl) (Entered: 04/30/2021) |
| 04/30/2021 | 3 | | INFORMATION (FELONY) as to Gary Tucker (1) count(s) 1. (sl) (Entered: 04/30/2021) |
| 06/01/2021 | 4 | | ORDER Transferring to Fugitive Status as to Gary Tucker. Signed by Judge William P. Dimitrouleas on 6/1/2021. *See attached document for full details.* (cbr) (cbr). (Entered: 06/01/2021) |
| 06/22/2021 | 5 | | MOTION to Unseal Case by USA as to Gary Tucker. (mdc) (Entered: 06/23/2021) |
| 06/22/2021 | 6 | | ORDER Granting 5 Motion to Unseal Case as to Gary Tucker (1). Signed by Magistrate Judge Jacqueline Becerra on 6/22/2021. *See attached document for full details.* (mdc) (Entered: 06/23/2021) |
| 06/23/2021 | | | Set/Reset Hearings as to Gary Tucker: Waiver of Indictment/Initial Appearance set for 6/24/2021 02:00 PM in Miami Division before MIA Duty Magistrate. (dgj) (Entered: 06/23/2021) |
| 06/23/2021 | | | Terminate Waiver of Indictment/Initial Appearance set for 6/24/2021 as to Gary Tucker (dgj) (Entered: 06/23/2021) |
| 06/28/2021 | 7 | | NOTICE OF HEARING as to Gary Tucker. Initial Appearance set for 7/6/2021 01:30 PM in Miami Division before MIA Duty Magistrate. (mdc) (Entered: 06/28/2021) |
| 07/02/2021 | 8 | | NOTICE OF ATTORNEY APPEARANCE: Daniel S. Gelber appearing for Gary Tucker . Attorney Daniel S. Gelber added to party Gary Tucker(pty:dft). (Gelber, Daniel) (Entered: 07/02/2021) |
| 07/02/2021 | 9 | | NOTICE OF ATTORNEY APPEARANCE: Gerald Edward Greenberg appearing for Gary Tucker . Attorney Gerald Edward Greenberg added to party Gary Tucker(pty:dft). (Greenberg, Gerald) (Entered: 07/02/2021) |
| 07/02/2021 | 10 | | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Jonathan Lopez. Pay.gov Agency Tracking ID FLSDC−AFLSDC−14816121. Filing Fee $ 200.00. by Gary Tucker. Responses due by 7/16/2021 (Attachments: # 1 Text of Proposed Order Granting Motion to Appear Pro Hac Vice − Jonathan Lopez)(Gelber, Daniel) (Entered: 07/02/2021) |
| 07/02/2021 | 11 | | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Taylor West. Filing Fee $ 200.00. Receipt # AFLSDC−14816208 by Gary Tucker. Responses due by 7/16/2021 (Attachments: # 1 Text of Proposed Order Granting Motion to Appear Pro Hac Vice − Taylor West)(Gelber, Daniel) (Entered: 07/02/2021) |
| 07/02/2021 | | | Attorney update in case as to Gary Tucker. Attorney Jonathan E. Lopez, Taylor West for Gary Tucker added (cw) (Entered: 07/02/2021) |
| 07/06/2021 | | | Set/Reset Hearings as to Gary Tucker: Detention Hearing set for 7/8/2021 10:00 AM in Miami Division before MIA Duty Magistrate. (dgj) (Entered: |

| | | | |
|---|---|---|---|
| | | | 07/06/2021) |
| 07/06/2021 | | | Terminate Detention Hearing set for 7/8/2021 10:00 AM in Miami Division before MIA Duty Magistrate as to Gary Tucker. Docketed in wrong case. (dgj) (Entered: 07/06/2021) |
| 07/06/2021 | 12 | | Minute Order for video proceedings held before Magistrate Judge Edwin G. Torres: Initial Appearance and **ARRAIGNMENT** as to Gary Tucker (1) Count 1 held on 7/6/2021. Bond recommendation set: Gary Tucker (1) $50K PSB. Date of Arrest or Surrender: 7/6/21. Daniel Gelber and Gerald Greenberg appeared as local counsel. Jonathan Lopez and Taylor West appeared pro hac vice. (Digital EGT–02/07–06–2021–ZOOM–1:38 P.M.)<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Edwin G. Torres on 7/6/2021. (sl) (Entered: 07/07/2021) |
| 07/06/2021 | 13 | | WAIVER OF INDICTMENT by Gary Tucker (sl) (Entered: 07/07/2021) |
| 07/06/2021 | 14 | | $50K PSB Bond Entered as to Gary Tucker Approved by Magistrate Judge Edwin G. Torres. *Please see bond image for conditions of release.* (sl) (Additional attachment(s) added on 7/9/2021: # 1 Restricted Bond with 7th Page) (dgj). (Entered: 07/07/2021) |
| 07/08/2021 | 15 | | PAPERLESS NOTICE OF HEARING as to Gary Tucker Change of Plea Hearing set for 8/4/2021 10:00 AM in Fort Lauderdale Division before Judge William P. Dimitrouleas. (cbr) (Entered: 07/08/2021) |
| 07/27/2021 | 16 | | PAPERLESS ORDER granting 10 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) T Jonathan Lopez as to Gary Tucker (1); granting 11 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Taylor West as to Gary Tucker (1). Signed by Judge William P. Dimitrouleas on 7/27/2021. (cbr) (Entered: 07/27/2021) |
| 08/04/2021 | 17 | | PAPERLESS Minute Entry for proceedings held before Judge William P. Dimitrouleas: Change of Plea Hearing as to Gary Tucker held on 8/4/2021. Defendant present in courtroom with counsel. Defendant entered a plea of guilty and placed under oath to answer questions of the court. Court accepts guilty plea and defers sentencing. ( Sentencing set for 10/13/2021 01:30 PM in Fort Lauderdale Division before Judge William P. Dimitrouleas.) Total time in court: 1 hour(s). Attorney Appearance(s): Gerald Edward Greenberg (by Zoom), Jonathan E. Lopez (by Zoom), Taylor West, Court Reporter: Ellen |

| | | | |
|---|---|---|---|
| | | | Rassie, 954–769–5448 / ellen_rassie@flsd.uscourts.gov. (cbr) (Entered: 08/04/2021) |
| 08/04/2021 | 18 | | PLEA AGREEMENT as to Gary Tucker. (jas) (Entered: 08/04/2021) |
| 08/04/2021 | 19 | | JOINT FACTUAL STATEMENT as to Gary Tucker. (jas) (Entered: 08/04/2021) |
| 08/05/2021 | 20 | | Notice of Presentence Investigation Assignment of Gary Tucker to US Probation Officer Jamie Johnson in the Miami Wilkie D. Ferguson, Jr. U.S. Courthouse and she can be contacted at (305)523–5354 or Jamie_Johnson@flsp.uscourts.gov. (lrn) (Entered: 08/05/2021) |
| 08/17/2021 | 21 | | TRANSCRIPT of Initial Appearance and Arraignment Hearing as to Gary Tucker held on 7/6/2021 before Magistrate Judge Edwin G. Torres, 1–10 pages, Court Reporter: Bonnie Joy Lewis, 954–985–8875. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/7/2021. Redacted Transcript Deadline set for 9/17/2021. Release of Transcript Restriction set for 11/15/2021. (apz) (Entered: 08/18/2021) |
| 08/18/2021 | 22 | | Corrected Transcript and Notice of Correction of Initial Appearance and Arraignment Hearing (Via Zoom) as to Gary Tucker held on 7/6/21 before Magistrate Judge Edwin G. Torres, 1–10 pages, re: 21 Transcript, Court Reporter: Bonnie J. Lewis, 305–523–5635. (hh) (Entered: 08/19/2021) |
| 09/07/2021 | 23 | | DRAFT Disclosure of Presentence Investigation Report of Gary Tucker. This is a limited access document. Report access provided to attorneys Thomas Austin Watts–Fitzgerald, Daniel S. Gelber, Gerald Edward Greenberg, Jonathan E. Lopez, Taylor West by USPO (Attachments: # 1 Position of Parties)(mpl1) (Entered: 09/07/2021) |
| 09/14/2021 | 24 | | PAPERLESS ORDER RESETTING HEARING as to Gary Tucker. **TIME CHANGE ONLY** Sentencing reset for 10/13/2021 09:00 AM in Fort Lauderdale Division before Judge William P. Dimitrouleas. Signed by Judge William P. Dimitrouleas on 9/14/2021. (cbr) (Entered: 09/14/2021) |
| 09/20/2021 | 25 | | TRANSCRIPT of Change of Plea hearing as to Gary Tucker held on 08/04/2021 before Judge William P. Dimitrouleas, Volume Number 1 of 1, 1–59 pages, Court Reporter: Ellen Rassie, 954–769–5448 / ellen_rassie@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/12/2021. Redacted Transcript Deadline set for 10/21/2021. Release of Transcript Restriction set for 12/20/2021. (Rassie, Ellen) (Entered: 09/20/2021) |
| 10/06/2021 | 26 | | FINAL Addendum 1 Disclosure of Presentence Investigation Report of Gary Tucker. This is a limited access document. Report access provided to attorneys Thomas Austin Watts–Fitzgerald, Jonathan E. Lopez, Taylor West by USPO (Attachments: # 1 Addendum)(mpl1) (Entered: 10/06/2021) |
| 10/07/2021 | 27 | | SENTENCING MEMORANDUM by Gary Tucker (Greenberg, Gerald) (Entered: 10/07/2021) |

| 10/08/2021 | 28 | | PAPERLESS ORDER RESETTING HEARING TIME as to Gary Tucker. **TIME CHANGE ONLY** Sentencing reset for 10/13/2021 10:00 AM in Fort Lauderdale Division before Judge William P. Dimitrouleas. Signed by Judge William P. Dimitrouleas on 10/8/2021. (cbr) (Entered: 10/08/2021) |
| 10/12/2021 | 29 | | Response/Memorandum in Opposition by USA as to Gary Tucker to 27 Sentencing Memorandum (Watts–Fitzgerald, Thomas) (Entered: 10/12/2021) |
| 10/13/2021 | 30 | | PAPERLESS Minute Entry for proceedings held before Judge William P. Dimitrouleas: Sentencing held on 10/13/2021 as to Gary Tucker. Defendant present in courtroom. Sentence imposed: 3 years probation with 1st three months home confinement, 50 hrs community service per year of supervision; $5000 fine; $100 assessment. Defendant advised of right to appeal and instructed to report to probation today. Total time in court: 30 minutes. Attorney Appearance(s): Thomas Austin Watts–Fitzgerald, Taylor West, Jonathan E. Lopez. Court Reporter: Vernita Allen–Williams, 305–523–5048 / Vernita_Allen–Williams@flsd.uscourts.gov. (cbr) Text Modified on 10/13/2021 (cbr). (Entered: 10/13/2021) |
| 10/13/2021 | 31 | | JUDGMENT as to Gary Tucker (1), Count(s) 1, PROBATION: 3 Years as to Count 1, home confinement for first 3 Months of term. Assessment: $100.00. Fine: $5,000.00. Closing Case for Defendant. Signed by Judge William P. Dimitrouleas on 10/13/2021. *See attached document for full details.* (jas) (Entered: 10/13/2021) |
| 10/18/2021 | 32 | | AMENDED JUDGMENT as to Gary Tucker (1), Count(s) 1, AMENDED: Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36). 3 Years as to Count 1, home detention for first 3 Months of term. PRIOR JUDGMENT: PROBATION: 3 Years as to Count 1, home confinement for first 3 Months of term. Assessment: $100.00. Fine: $5000.00. Signed by Judge William P. Dimitrouleas on 10/18/2021. *See attached document for full details.* (jas) (Entered: 10/18/2021) |
| 10/24/2021 | 33 | | TRANSCRIPT of Sentencing as to Gary Tucker held on 10–13–21 before Judge William P. Dimitrouleas, Volume Number 1 of 1, 1–20 pages, Court Reporter: Vernita Allen–Williams, 305–523–5048 / Vernita_Allen–Williams@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/15/2021. Redacted Transcript Deadline set for 11/24/2021. Release of Transcript Restriction set for 1/24/2022. (vas) (Entered: 10/24/2021) |
| 10/26/2021 | 34 | | TRANSCRIPT of Sentencing as to Gary Tucker held on 10–13–21 before Judge William P. Dimitrouleas, Volume Number 1 of 1, 1–20 pages, Court Reporter: Vernita Allen–Williams, 305–523–5048 / Vernita_Allen–Williams@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/16/2021. Redacted Transcript Deadline set for 11/26/2021. Release of Transcript Restriction set for 1/24/2022. (vas) (Entered: 10/26/2021) |
| 10/26/2021 | 35 | | |

| | | | |
|---|---|---|---|
| | | | Corrected Transcript and Notice of Correction of Sentencing as to Gary Tucker held on 10–13–21 before Judge William P. Dimitrouleas, Volume Number 1 of 1, 1–20 pages, re: <u>33</u> Transcript,, <u>34</u> Transcript,, Court Reporter: Vernita Allen–Williams, 305–523–5048 / Vernita_Allen–Williams@flsd.uscourts.gov. (vas) (Entered: 10/26/2021) |

FILED by _____ KS _____ D.C.

Apr 30, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## 21-20263-CR-DIMITROULEAS/BECERRA
Case No. _____

18 U.S.C. § 1001(a)(2)

UNITED STATES OF AMERICA

vs.

GARY TUCKER,

      Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

On or about July 11, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, in a matter within the jurisdiction of the United States Fish & Wildlife Service ("USFWS"), an agency of the executive branch of the Government of the United States, the defendant,

### GARY TUCKER,

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact, in that the defendant represented to USFWS Special Agents that foreign supplier site visits were not memorialized in written audit reports, when in truth and in fact, as then well known to him, preparation and submission of site visit reports was a standard procedure

at his employer, Orient Bio-Research Center ("OBRC"), in violation of Title 18, United States

Code, Section 1001(a)(2).

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

THOMAS A. WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

GARY TUCKER

_____
                Defendant.         /

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ____ | No ____ |
| Number of new defendants | ____ | |
| Total number of counts | ____ | |

**Court Division**: (Select One)

| | | |
|---|---|---|
| ✓ Miami | ___ Key West | |
| ___ FTL | ___ WPB | ___ FTP |

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No)     No
    List language and/or dialect     _____

4.  This case will take   0   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)

    | | | |
    |---|---|---|
    | I | 0 to 5 days | ✓ |
    | II | 6 to 10 days | ____ |
    | III | 11 to 20 days | ____ |
    | IV | 21 to 60 days | ____ |
    | V | 61 days and over | ____ |

    (Check only one)

    | | |
    |---|---|
    | Petty | ____ |
    | Minor | ____ |
    | Misdem. | ____ |
    | Felony | ✓ |

6.  Has this case previously been filed in this District Court?     (Yes or No)     No
    If yes: Judge                                    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)     No
    If yes: Magistrate Case No.
    Related miscellaneous numbers:            _____
    Defendant(s) in federal custody as of     _____
    Defendant(s) in state custody as of        _____
    Rule 20 from the District of                 _____

    Is this a potential death penalty case? (Yes or No)     No

7.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes ____     No ✓

8.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes ____     No ✓

9.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     Yes ____     No ✓

10. Does this case originate from a matter pending in the Southern Region of the U.S. Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)?     Yes ____     No ____

                                    _____
                                    Thomas A. Watts-FitzGerald
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Florida Bar No. 0273538

*Penalty Sheet(s) attached

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**_____ GARY TUCKER _____

**Case No**: _____

Count #: 1

False Statement _____

Title 18, United States Code, Section 1001(a)(2) _____

**\* Max. Penalty:**_____ 5 year's Imprisonment _____

Counts #:

_____

_____

**\*Max. Penalty:** _____

Count #:

_____

_____

**\*Max. Penalty:** _____

Count #:

_____

_____

**\*Max. Penalty:** _____


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# United States District Court
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| GARY TUCKER | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____04/12/2021_____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

UNITED STATES OF AMERICA

vs

GARY TUCKER,

_____ Defendant. _____ /

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States
   Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?        No

2. Did this matter originate from a matter pending in the Northern Region of the United States
   Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? No

3. Did this matter originate from a matter pending in the Central Region of the United States
   Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?        No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BY:  _____

Thomas A. Watts-FitzGerald
Assistant United States Attorney
FLA Bar No.        0273538
99 N.E. 4th Street
Miami, Florida 33132
Tel: 305-961-9413
Fax: 305-536-4651
Email: thomas.watts-fitzgerald@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-20263-CR-DIMITROULEAS**

**UNITED STATES OF AMERICA**

**v.**

**GARY TUCKER,**

      **Defendant.**

_____/

**PLEA AGREEMENT**

      The United States of America and GARY TUCKER, (hereinafter referred to as the "defendant") enter into the following agreement:

      1.    The defendant agrees to plead guilty to the single Count of the Information filed against him, which count charges the defendant with knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to Special Agents of the U.S. Fish & Wildlife Service, in violation of Title 18, United States Code, Section 1001(a)(2). In consideration therefor, the United States agrees that it will not bring additional charges against the defendant for wildlife trafficking and related offenses, based on conduct known to the United States at the time of execution of this agreement.

      2.    The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an

1

advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five (5) years imprisonment as to the Count of conviction, and such period may be followed by a term of supervised release of up to 3 year on the charge to which he is pleading guilty. In addition to terms of imprisonment and supervised release, the court may also impose a fine of up to $250,000, or the greater of twice the gain or loss arising under the relevant conduct.

4.      The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant with respect to the count to which he is pleading guilty. The defendant agrees that the special assessment imposed shall be paid at the time of sentencing.

2

5. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the proper calculation of the Sentencing Guideline in this case:

    a.    <u>Base Offense Level:</u> Pursuant to Section 2B1.1 of the Sentencing Guidelines, the base offense level in this matter is Level 6.

    b.    <u>Specific Offense Characteristics:</u> No adjustment is warranted under Section 2B1.1 of the Sentencing Guidelines.

    c.    <u>Chapter Three, Part C Adjustment</u>: Defendant should receive an increase in his offense level pursuant to Section 3C1.1 for obstructing or impeding the administration of justice by +2 levels.

    d.    <u>Guideline range</u>: That the applicable guideline range for the Count 1 offense committed by the defendant is Level 8.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce the sentencing guideline level applicable to the defendant's offense pursuant to Sections 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility resulting in a total adjusted offense level of 6. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts

3

to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     The defendant is aware that the sentence has not yet been determined by the court. The  defendant also is aware that any estimate of  the  probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9.     This is the entire agreement and understanding between the United States and the Defendant.   There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: _08|03|2021_          By: _____

Thomas A. Watts-FitzGerald
Assistant United States Attorney

4

Date: 8/4/2021                    By: _____

                                 For   JONATHAN LOPEZ, ESQ.
                                       ATTORNEY FOR DEFENDANT


Date: 8/3/21                     By: _____

                                 GARY TUCKER
                                 DEFENDANT

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **1:21-CR-20263-WPD(1)** |
| **GARY TUCKER** | § USM Number: **53587-509** |
| | § |
| | § Counsel for Defendant: **Taylor West** |
| | § Counsel for United States: **Thomas Austin Watts-Fitzgerald** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **As to count 1 of the indictment** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:1001.F False Statement/18:1001.F | 07/11/2019 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☐   Count(s) ☐ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 13, 2021**
Date of Imposition of Judgment

Signature of Judge

**WILLIAM P. DIMITROULEAS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

October 13, 2021
Date

DEFENDANT:        GARY TUCKER
CASE NUMBER:      1:21-CR-20263-WPD(1)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**3 years as to count 1, home confinment for first three months of term.**

Counts to run: ☐ Concurrent          ☐ Consecutive

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6.   ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

7.   ☐   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8.   ☐   You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.   ☐   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10.  ☐   You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

        You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

DEFENDANT:     GARY TUCKER
CASE NUMBER:   1:21-CR-20263-WPD(1)

# STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 4 of 6

DEFENDANT:          GARY TUCKER
CASE NUMBER:        1:21-CR-20263-WPD(1)

## SPECIAL CONDITIONS OF PROBATION

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

**Home Detention with Electronic Monitoring:** The defendant shall participate in the Home Detention Electronic Monitoring Program for the first 3 months of the term of probation. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

**Community Service:** The defendant shall perform 50 hours per year of community service which shall be completed no later than three months prior to termination of supervision. The defendant shall perform community service hours on a monthly basis as directed by the U.S. Probation Office.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 5 of 6

DEFENDANT:         GARY TUCKER
CASE NUMBER:       1:21-CR-20263-WPD(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $5,000.00 |  |  |

☐    The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☒ the interest requirement is waived for the    ☐ fine      ☒ restitution

     ☐ the interest requirement for the    ☐ fine      ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                    Judgment -- Page 6 of 6

DEFENDANT:        GARY TUCKER
CASE NUMBER:      1:21-CR-20263-WPD(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payments of $100.00 due during the period of probation.

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due during the period of probation. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **AMENDED** |
| | § | **JUDGMENT IN A CRIMINAL CASE** |
| v. | § | |
| | § | Case Number: **1:21-CR-20263-WPD(1)** |
| **GARY TUCKER** | § | USM Number: **53587-509** |
| | § | |
| | § | Counsel for Defendant: **Taylor West** |
| | § | Counsel for United States: **Thomas Austin Watts-Fitzgerald** |

**Date of Original Judgment: October 13, 2021**
**(or Date of Last Amended Judgment)**
**AMENDMENT REASONS:**

Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **As to count 1 of the indictment** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1001.F False Statement/18:1001.F | 07/11/2019 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Judgment

October 18, 2021

Signature of Judge

**WILLIAM P. DIMITROULEAS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

October 18, 2021

Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 2 of 6

DEFENDANT: GARY TUCKER
CASE NUMBER: 1:21-CR-20263-WPD(1)

# PROBATION

The defendant is hereby sentenced to probation for a term of:

**3 years as to count 1, home detention for first three months of term.**

Counts to run: ☐ Concurrent ☐ Consecutive

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8. ☐ You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9. ☐ If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. ☐ You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

DEFENDANT: GARY TUCKER
CASE NUMBER: 1:21-CR-20263-WPD(1)

# STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 4 of 6

DEFENDANT:        GARY TUCKER
CASE NUMBER:      1:21-CR-20263-WPD(1)

## SPECIAL CONDITIONS OF PROBATION

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

**Home Detention** - The defendant shall participate in the Home Detention Program for a period of 3 months. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance and provide the U.S. Probation Officer with requested documentation.

**Community Service:** The defendant shall perform 50 hours per year of community service which shall be completed no later than three months prior to termination of supervision. The defendant shall perform community service hours on a monthly basis as directed by the U.S. Probation Office.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case

Judgment -- Page 5 of 6

DEFENDANT: GARY TUCKER
CASE NUMBER: 1:21-CR-20263-WPD(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100.00 | $.00 | $5,000.00 | | |

☐ The determination of restitution is deferred until *An Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the   ☐ fine     ☒ restitution

    ☐ the interest requirement for the   ☐ fine     ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                      Judgment -- Page 6 of 6

DEFENDANT:          GARY TUCKER
CASE NUMBER:        1:21-CR-20263-WPD(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payments of $100.00 due during the period of probation.

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due during the period of probation. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
     **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.